UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC VALENCIA,<br><br>Plaintiffs,<br><br>v.<br><br>VARGAS, *et al.*<br><br>Defendant(s). | No. 1:26-cv-7450-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 3)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

## I. INTRODUCTION

Plaintiff Eric Valencia is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C § 1983. (ECF Nos. 1, 7). Plaintiff filed the complaint on September 14, 2026, alleging that Defendants, who are parole agents and a police officer, have threatened to arrest Plaintiff if he does not sign and fingerprint documents accepting parole terms, even though he was released without parole in October 2025. (*Id.*).

Before the Court is Plaintiff's motion for a preliminary injunction and temporary restraining order, filed on September 14, 2026. (ECF No. 3). In his motion, Plaintiff states he seeks a temporary restraining order and preliminary injunctions from defendants "threatening arrest and custody if Plaintiff does not sign documents giving defendants jurisdiction over Plaintiff." (*Id.*).

Based on the reasons set forth, the Court shall recommend Plaintiff's motion for preliminary injunction and temporary restraining order be denied without prejudice.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed the complaint on September 14, 2026. (ECF No. 1). He sues three defendants: (1) M. Vargas; (2) Yang; and (3) Josh Gibbs. (*Id.* at 2)). He alleges three causes of action: (1) First Amendment Petition Gov; (2) Due process in violation of the Fourteenth Amendment; and (3) unreasonable Seizure in violation of the Fourth Amendment. (*Id.* at 3).

Plaintiff alleges the following: Defendants Vargas and Yang are parole/PRCS officers, and Defendant Gibbs is a Madera police officer. Plaintiff served a sentence in Fresno County Jail and was released in October 2025. (*Id.* at 4). Plaintiff completed his sentence and was not subject to parole. In fact, supervision was denied. (*Id.* at 7).

Between August 31, 2026, and September 14, 2026, Plaintiff alleges he was harassed by defendant Gibbs, a Madera police officer, as retaliation for filing a lawsuit against another officer named Martinez. Plaintiff further states he filed a "citizen's complaint" against Gibbs and as a result, Gibbs "orchestrated a scheme with Vargas and Yang threatening me with being arrested if I did not sign and fingerprint documents accepting parole terms." (*Id.*). Plaintiff refused to sign and provided documentation in the form of court minute orders demonstrating that his sentence was completed ten months prior and he was not ordered supervision. (*Id.* at 4, 7). Plaintiff states Vargas and Yang have gone to his home and left notes stating he will be violated for non-compliance because he did not check into parole. Plaintiff claims Vargas has informed him that since he refused to sign documents accepting terms of parole, a warrant was issued. (*Id.* at 7).

Plaintiff states he has had to travel to Fresno parole office or be arrested and has lived in fear of being arrested. He seeks an injunction against defendants. (*Id.* at 5).

## III. MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER[1]

### a. Summary of Motion

On September 14, 2026, along with his complaint, Plaintiff filed a motion for preliminary injunction/temporary restraining order. (ECF No. 3). In his motion, Plaintiff states he seeks a

[1] On September 25, 2026, the assigned district judge referred the motion to the undersigned for the preparation of findings and recommendations. (ECF No. 8).

temporary restraining order and preliminary injunctions from defendants “threatening arrest and custody if Plaintiff does not sign documents giving defendants jurisdiction over Plaintiff.” (*Id.*). Plaintiff claims if not granted, he will suffer irreparable harm by being arrested for violating a parole that does not exist.

**b. Legal Standards**

“A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.” *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

“A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.” *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). However, the Court notes that it may weigh a request for a preliminary injunction with a sliding-scale approach. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (noting that sliding-scale approach remains viable after *Winter*). The Ninth Circuit has described this approach as follows:

> Under the *Winter* test, a party is entitled to a preliminary injunction if it demonstrates (1) “that [it] is likely to succeed on the merits,” (2) “that [it] is likely to suffer irreparable harm in the absence of preliminary relief,” (3) “that the balance of equities tips in [its] favor,” and (4) “that an injunction is in the public interest.” *Cottrell*, 632 F.3d at 1131 (quoting *Winter*, 555 U.S. at 20, 129 S.Ct. 365). But our court has adopted the “serious questions” test—a “sliding scale” variant of the *Winter* test—under which a party is entitled to a preliminary injunction if it demonstrates (1) “serious questions going to the merits,” (2) “a likelihood of irreparable injury,” (3) “a balance of hardships that tips sharply towards the plaintiff,” and (4) “the injunction is in the public interest.” *Id.* at 1135. As to the first factor, the serious questions standard is “a lesser showing than likelihood of success on the merits.” *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).

*Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024). Further, under the serious-questions standard, “[s]erious questions need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits.” *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (citation and internal quotation marks omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held[] and to balance the equities as the litigation moves forward." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (internal citation and quotation marks omitted).

**c. Analysis**

The Court recommends denying the motion for temporary restraining order and preliminary injunction.

Plaintiff has not presented sufficient evidence to raise a serious question going to the merits. Plaintiff's motion for preliminary injunction itself is very brief and does not include any evidence. Moreover, Plaintiff's complaint, which is pending screening, includes very few details regarding the allegations. Thus, based solely on the allegations in the complaint, the Court does not find that Plaintiff has raised a serious question of the likelihood of success on the merits.

Nor has Plaintiff shown a likelihood of irreparable injury. Plaintiff alleges that he is not subject to parole and that Defendants are improperly threatening him with arrest. However, Plaintiff has also alleged that he has provided court minute orders showing that he has completed his sentence and has travelled to Fresno Parole Office to avoid arrest. Thus, Plaintiff has not established that he will be irreparably injured absent an injunction from this court.

Nor does the Court find at this time that Plaintiff has established that the balance of equities tips in his favor and the injunction is in the public interest.

In short, without any further evidence, and considering the extraordinary remedy he is requesting, the Court recommends denying the preliminary injunction and temporary restraining order without prejudice.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 3) be DENIED without prejudice.

These Findings and Recommendations will be submitted to the United States District

Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 27, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE