UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ERIC VALENCIA,

Plaintiffs,

v.

VARGAS, *et al.*

Defendant(s).

No. 1:26-cv-7450-JLT-EPG

SCREENING ORDER DIRECTING PLAINTIFF TO:

(1) NOTIFY THE COURT HE WANTS TO PROCEED ONLY ON HIS CLAIM OF RETALIATION IN VIOLATION OF THE FIRST AMENDMENT AGAINST DEFENDANTS VARGAS, GIBBS, AND YANG;

(2) FILE A FIRST AMENDED COMPLAINT; OR

(3) NOTIFY THE COURT WANTS TO STAND ON HIS COMPLAINT

(ECF No. 1)

OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS

## I. INTRODUCTION

Plaintiff Eric Valencia is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C § 1983. (ECF Nos. 1, 7). Plaintiff filed the complaint on September 14, 2026, alleging that Defendants, who are parole agents and a police officer, have threatened to arrest Plaintiff if he does not sign and fingerprint documents accepting parole terms, even though he was released without parole in October 2025. (*Id.*).

Upon review, the Court finds the Plaintiff's retaliation claim in violation of the First Amendment against Defendants Vargas, Gibbs, and Yang may proceed past screening. However,

the Court finds Plaintiff has failed to state any other claims.

Plaintiff now has options as to how to proceed. Plaintiff may file a statement with the Court saying that he wants to go forward only on the claims the Court finds cognizable. If Plaintiff files a statement that he wants to go forward only on these claims, the Court will authorize service of process on defendants who those claims are alleged against.

Plaintiff may file an amended complaint, which the Court will screen in due course. If Plaintiff chooses to file an amended complaint, it must be **no longer than twenty pages, including exhibits.**

Plaintiff can also notify the Court that he wants to stand on his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## II. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## III. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed the complaint on September 14, 2026. (ECF No. 1). He sues three defendants: (1) M. Vargas; (2) Yang; and (3) Josh Gibbs. (*Id.* at 2)). He alleges three causes of action: (1) First Amendment Petition Gov; (2) Due process in violation of the Fourteenth Amendment; and (3) unreasonable Seizure in violation of the Fourth Amendment. (*Id.* at 3).

Plaintiff alleges the following: Defendants Vargas and Yang are parole/PRCS officers, and Defendant Gibbs is a Madera police officer. Plaintiff served a sentence in Fresno County Jail and was released in October 2025. (*Id.* at 4). Plaintiff completed his sentence and was not subject to parole. In fact, supervision was denied. (*Id.* at 7).

Between August 31, 2026, and September 14, 2026, Plaintiff alleges he was harassed by defendant Gibbs, a Madera police officer, as retaliation for filing a lawsuit against another officer named Martinez. Plaintiff further states he filed a "citizen's complaint" against Gibbs and as a result, Gibbs "orchestrated a scheme with Vargas and Yang threatening me with being arrested if I did not sign and fingerprint documents accepting parole terms." (*Id.*). Plaintiff refused to sign and provided documentation in the form of court minute orders demonstrating that his sentence was completed ten months prior and he was not ordered supervision. (*Id.* at 4, 7). Plaintiff states Vargas and Yang have gone to his home and left notes stating he will be violated for non-compliance because he did not check into parole. Plaintiff claims Vargas has informed him that since he refused to sign documents accepting terms of parole, a warrant was issued. (*Id.* at 7).

Plaintiff states he has had to travel to Fresno parole office or be arrested and has lived in fear of being arrested. He seeks an injunction against defendants. (*Id.* at 5).

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he

does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**b. First Amendment Retaliation**

Plaintiff's complaint asserts a claim of retaliation in violation of the First Amendment against Defendant Gibbs.

To state a First Amendment retaliation claim, a plaintiff must allege that:

> (1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant's conduct. To ultimately prevail on such a claim, a plaintiff must establish a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury. Specifically, a plaintiff must show that the defendant's retaliatory animus was a but-for cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive.

*Capp v. Cty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (internal quotation marks and citation omitted).

Based on the legal standards provided and for the purposes of screening, the Court finds

Plaintiff has stated a cognizable claim of retaliation in violation of the First Amendment against defendants. Plaintiff's complaint alleges that he filed a lawsuit against another officer in the same department, named Martinez, and also citizens complaint against Defendant Gibbs. These are constitutionally protects activities. Plaintiff also alleges that Defendants then threatened him with being arrested if he did not sign and fingerprint documents accepting parole terms, even though they were aware that he was not subject to parole. He alleges that Defendant Vargas continues to contact him and informs Plaintiff that a warrant has been issued. These actions would chill a person of ordinary firmness from continuing to engage in the protected activity. Finally, Plaintiff has alleged that these actions were done in retaliation because he has shown defendants court orders demonstrating that he is not on supervision.

For these reasons, the Court finds that Plaintiff may proceed past screening on Plaintiff's claim for first amendment retaliation against Defendants Gibbs, Vargas, and Yang.

**c. Due Process**

Plaintiff alleges a claim for violation of his due process rights.

The Due Process Clause prohibits government officials from arbitrarily depriving a person of her constitutionally protected liberty or property interests. *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1025–26 (9th Cir. 2007). But "only 'egregious official conduct can be said to be arbitrary in the constitutional sense': it must amount to an 'abuse of power' lacking any 'reasonable justification in the service of a legitimate governmental objective.'" *Shanks v. Dressel*, 540 F.3d 1082, 1088 (9th Cir. 2008). Only conduct that "shocks the conscience" violates the Due Process Clause. *United States v. Salerno*, 481 U.S. 739, 746, (1987).

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Mathews v. Eldridge,* 424 U.S. 319, 332 (1976); *see also MacLean v. Dep't of Homeland Sec.,* 543 F.3d 1145, 1151 (9th Cir.2008). Procedural due process analysis occurs in two steps. "The first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures

attendant upon that deprivation were constitutionally sufficient." *Vasquez,* 734 F.3d at 1042 (quoting *United States v. Juvenile Male,* 670 F.3d 999, 1013 (9th Cir.2012).

Plaintiff's complaint fails to state a constitutional claim for violation of the due process clause under these standards. Plaintiff fails to allege that he was deprived of his life, liberty or property. Instead, he alleges that defendants have improperly threatened to arrest him in the future, but have not yet done so.

For these reasons, Plaintiff's complaint fails to state a claim for violation of his due process rights.

**d. Fourth Amendment: Unreasonable search and seizure**

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"The Fourth Amendment does not proscribe all state-initiated searches and seizures; it merely proscribes those which are unreasonable." *Florida v. Jimeno,* 500 U.S. 248, 250 (1991) (citations omitted).

Plaintiff fails to state a claim for violation of his Fourth Amendment right under these legal standards. Plaintiff does not allege that he was searched or seized. Instead, he alleges that Defendants have threatened to do so in the future.

In short, Plaintiff's complaint fails to state a claim for violation of the Fourth Amendment.

## VI. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that Plaintiff's complaint states a cognizable claim for retaliation in violation of the First Amendment against all Defendants. However, Plaintiff's complaint has failed to state any additional claims.

Plaintiff has a choice on how to proceed. Plaintiff may also notify the Court that he wishes to proceed only on the claims the Court found cognizable. If Plaintiff files a statement that he wants to go forward only on this claim, the Court will authorize service of process on defendants

who those claims are alleged against.

Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claim(s). Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," and refer to the appropriate case number. If Plaintiff files an amended complaint, the Court will screen that complaint in due course.

Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

For the above reasons, **IT IS ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form.
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:
   a. Notify the Court in writing that he wishes to proceed only on his claim of retaliation in violation of the First Amendment against Defendants Vargas, Yang, and Gibbs; and dismiss all remaining claims and defendants.
   b. File a First Amended Complaint; or
   c. File a notice stating that he wishes to stand on his complaint.

\\\

\\\

\\\

\\\

3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:26-cv-7450-JLT-EPG.

IT IS SO ORDERED.

Dated: **October 27, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE